## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA L. CARRAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-969-DGK |
| | ) | |
| COMMUNICATIONS INTERNATIONAL, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This matter is before the Court on a discovery dispute. Pursuant to Local Rule 37.1(a), the Court has reviewed briefs submitted by the parties. Finding a telephone conference is not necessary to resolve this dispute, the Court now rules as follows.

The parties cannot agree on Plaintiff's deposition date. They tentatively agreed to depose her on April 11. After Defendants noticed Plaintiff's deposition, she wanted to reschedule for two reasons. First, she had recently been sick with pneumonia and was trying to catch up at work. Second, she wanted to wait and see if the Court will allow her to amend her complaint to join the Missouri Highways & Transportation Commission ("MHTC"); she wants to avoid having the MHTC come and depose her for a second time. Plaintiff's attorney tried to work out a new date with Defendants' attorney, but he would not agree on a new date because he wanted to depose her before the April 27 mediation.

The Court is disheartened by the attorneys' failure to resolve this issue without judicial intervention. In particular, Defendants' attorneys apparently refused to confer over the phone with Plaintiff's attorney despite several requests to do so. Instead, one of Defendants' attorneys wrote, "You don't dictate to me when or to whom I talk to." At another point, he wrote,

"Frankly I don't really think you are due my respect. . . . I have been civil to you though I seriously question why."

For "good cause," the Court may enter a protective order forbidding a deposition until a time certain. Fed. R. Civ. P. 26(c)(1)(B). The Court believes that this breakdown in communication—and civility—is good cause to simply pick a date for Plaintiff's deposition. The Court appreciates Plaintiff's concerns about the deposition being too early and Defendants' concerns about the deposition needing to occur as soon as possible, but at this time does not find those concerns well-taken.

The Court reminds the attorneys that the KCMBA Principles of Civility, as incorporated into the Court's Rule 16 notice (Doc. 6), apply to this action. Those principles require the attorneys to "respect the time and schedule of others and work cooperatively in scheduling all matters." The email exchanges before the Court do not reflect such respect or cooperation.

Pursuant to Rule 26(c)(1)(B), the parties are noticed that Defendants' video deposition of Plaintiff is to occur on May 9, 2016, at 10:00 a.m. at the Carey Law Firm, LLC, 229 SE Douglas St., Suite 210, Lee's Summit, Missouri 64063.

The Court will change this date only under extraordinary circumstances. Alternatively, the parties may mutually agree to Plaintiff's deposition at a different time or place. If they do so, Defendants must file a new deposition notice.

**IT IS SO ORDERED.**

Date:   April 20, 2016              /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT